GEORGE J. STAAB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY D. STAAB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38732, 38733. Promulgated July 22, 1953.

*Martin M. Lore, Esq.*, for the petitioners.
*Scott A. Dahlquist, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The issue to be decided here is the tax consequences of a sale of partnership assets. The two petitioners, husband and wife, were the members of the partnership and, at the same time, they were the sole stockholders of the purchasing corporation.

The parties have stipulated that the profit realized by each from the sale was $39,030.43.[1]

Respondent contends that each petitioner realized a long-term capital gain of $8,391 and received dividends of $30,639.42. Respondent arrived at these figures in the following manner:

| | |
|---|---|
| Price paid to petitioners by the corporation | $90, 610. 35 |
| Less: Appraised value of machinery sold | 29, 331. 50 |
| Dividend distributed to petitioners | $61, 278. 85 |

---

[1] Computation.

| | | |
|---|---|---|
| Sale price | $90, 610. 35 | |
| Unrecovered cost basis | 12, 549. 52 | [3 cents off] |
| Total profit of petitioners | $78, 060. 86 | Profit of each petitioner (½) $39,030.43 |

Appraised value of machinery sold_____ $29,331.50
Adjusted basis of machinery sold_____ 12,549.50

Long-term capital gain realized by petitioners_____ $16,782.00

Respondent contends that the only assets sold consisted of machinery, that the sums paid in excess of the appraised value of the machinery were dividends distributed by the corporations, that the sale was a subterfuge used by the petitioners to syphon off the corporate earnings of Sterling as capital gains, and that in reality the payments were dividends and should be taxed as such.

On the other hand, petitioners contend that a going business was sold, including good will of $61,278.85, and that the value of that business was $90,610.35, the sum paid for the business.

Our decision here is essentially a question of fact. We think the facts clearly support petitioners. The facts have been fully stated in our Findings of Fact and need not be repeated here. Briefly these facts show that the petitioners as partners in New Jersey sold more than just business machinery, the partnership assets consisted of a going business. Whether the partnership business had any value greater than the value of its machinery depends upon the earning power of the partnership. If the partnership had any excess earning power that is the basis for computing its good will. See A. R. M. 34, 2 C. B. 31.

It is to be noted that we do not have here a situation where the stockholder of a close corporation is transferring to the corporation assets unrelated to and not used in the corporate business. Our prime concern here is arriving at a value of partnership good will, if any. Good will may be defined by the following formula: Good will equals a–b, where "a" is capitalized earning power and "b" is the value of assets used in the business. Good will, then, is an intangible consisting of the excess earning power of a business. A normal earning power is expected of the business assets, and if the business has greater earnings, then the business may be said to have good will. This excess in earning power may be due to any one or more of several reasons, and usually this extra value exists only because the business is a going concern, being successful and profitable. Good will may arise from: (1) the mere assembly of the various elements of a business, workers, customers, etc., (2) good reputation, customers' buying habits, (3) list of customers and their needs, (4) brand name, (5) secret processes, and (6) other intangibles affecting earnings.

Sterling paid petitioners $90,610.35 for the partnership assets, including good will, and it is stipulated that the value of the machinery was $29,331.50. Thus the price paid by Sterling in excess of the value of the physical assets was $61,278.85. There was no cost basis to petitioners of this good will and they have returned it all as capital gain.

The petitioners also returned as capital gain the excess amount which they received for the machinery, namely, $29,331.50 over its cost basis, which is not in dispute.

It seems to us that petitioners have correctly reported the transaction as a sale by them of partnership assets, including good will to Sterling, and there are no facts to support the Commissioner's determination that $30,639.42 of the amount received from Sterling represented a dividend to each petitioner from Sterling.

On the facts which have been stipulated, coupled with other facts which petitioners proved at the hearing, we think petitioners must be sustained and the Commissioner's determination must be reversed. Both of petitioners' assignments of error are sustained. The parties have stipulated that each petitioner's gain was $39,030.43, slightly less than that reported on their respective returns.

*Decisions will be entered under Rule 50.*